1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEORGIO MILLER, | 1:24-cv-00668-EPG (PC) |
| Plaintiff, | ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |
| v. | AND |
| KINGS COUNTY, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR FAILURE TO STATE A CLAIM |
| Defendants. | (ECF No. 1) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Jeorgio Miller is a state pretrial detainee or prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 10, 2024. (ECF No. 1). Plaintiff alleges that two deputies at Kings County Jail failed to use the proper procedures when they attempted to put him on a medical stretcher, resulting in injuries to Plaintiff.

On July 2, 2024, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 8). The Court provided Plaintiff with applicable legal

---

[1] Plaintiff's complaint does not state whether he is a pretrial detainee or sentenced prisoner. However, given that he was at Kings County Jail at the time of the incident, and raises claims under the Fourteenth Amendment, the Court will apply the legal standards for pretrial detainees.

1

standards, explained why the complaint failed to state any cognizable claims, and gave Plaintiff thirty days to either file a first amended complaint or notify the Court in writing that he wanted to stand on his complaint. (*Id.* at 2, 7).

After receiving the Court's screening order, Plaintiff filed a notice on July 17, 2024 that he wanted to stand on his complaint. (ECF No. 9). For the reasons set forth below, the Court directs the clerk to assign a district judge and recommends that this action be dismissed for failure to state a claim. Plaintiff has thirty days from the date of service of these findings and recommendations to file his objections.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,

681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff names three Defendants in his complaint: Kings County, Deputy S. Castrejon, and Deputy C. Rajski.

Plaintiff's complaint alleges that, on January 21, 2024, in between the hours of 9:00 pm and 10:00 pm, Deputies Castrejon and Rajski failed to follow the procedures that are set out in the medical rules. This violation led to Plaintiff being injured more than he initially was. Plaintiff asked both deputies to get him medical attention several times. Plaintiff was unable to walk due to his injuries. He collapsed on the floor of the dayroom in pod B1. Instead of contacting medical personnel to check on him or give an ok to put Plaintiff on a medical stretcher or wheelchair, the two deputies took it upon themselves to bring a stretcher in and pick Plaintiff up and place him on it.

As they were trying to lift it up, they couldn't do it, so they began to jerk and yank on the stretcher, which caused Plaintiff to land violently on his neck and shoulder. Plaintiff was not strapped in the gurney and there was no other higher up officers or medical personnel present.

To this date, Plaintiff's shoulder and neck hurt and Plaintiff does not have full mobility without pain.

Both deputies are employees of Kings County.

## III.   SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any rights,

> privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

4

## IV.    ANALYSIS OF PLAINTIFF'S COMPLAINT

The Ninth Circuit has given the following explanation of the legal standards for medical claims for pretrial detainees:

> "[C]laims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment" must be evaluated under an objective deliberate indifference standard. *Castro*, 833 F.3d at 1070. Based thereon, the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* at 1071 (quoting *Kingsley*, 135 S.Ct. at 2473; *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quoting *Daniels*, 474 U.S. at 330–31, 106 S.Ct. 662). Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

*Gordon v. County of Orange,* 888 F.3d 1118, 1124–25 (9th Cir. 2018).

Here, Plaintiff alleges that deputies attempted to provide medical assistance by putting Plaintiff on a medical stretcher. However, when they could not do so, they began to jerk and yank on the stretcher, causing Plaintiff to fall off the stretcher.

The Court finds that these allegations do not state a violation of Plaintiff's constitutional rights under these standards. Plaintiff's allegations amount to the deputies not using due care, or being negligent, when putting him on the stretcher. The deputies attempted to help Plaintiff and put him on a medical stretcher, which itself appears to be the proper course of action. Although they did so in a jerking manner and without a strap on Plaintiff, which made him fall

off of the stretcher, it does not appear from these allegations that a reasonable official in the circumstances would have appreciated the high risk involved in the way they attempted to use the stretcher. Nor would it be obvious that Plaintiff would be injured if they did so. Plaintiff's allegations thus do not allege a violation of his constitutional rights.

Additionally, Plaintiff's claim against Kings County itself is subject to dismissal. Kings County Jail is an entity of Kings County, a municipality. "Municipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690. However, a municipal entity or its departments, such as the Kings County Jail, is liable under § 1983 only if Plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (citing *Monell*, 436 U.S. at 690–94). Thus, in order for Plaintiff to proceed on claims against Kings County Jail, Plaintiff must show that its specific policies and practices were the moving forces behind the alleged violations of Plaintiff's constitutional rights, which Plaintiff has not alleged in his complaint. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1185–86, 1193–94 (9th Cir. 2002).

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court previously provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state a claim, and gave Plaintiff leave to file an amended complaint, but Plaintiff chose to stand on his complaint.

Based on the foregoing, it is **ORDERED** that:

1.   The Clerk of the Court is directed to randomly assign a district judge to this action.

And it is further **RECOMMENDED** that:

1.   This action be dismissed for failure to state a claim; and

2.   The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 30, 2024**                   /s/ Erica P. Grosjean
                                        _____
                                        UNITED STATES MAGISTRATE JUDGE